David R. Reese, d. b. a., vs. James R. Hoffecker, p. b. r.

*Appeal—Sale of Wheat—Refusal to Accept—Refusal to Deliver—*
*Resale at Market Price—Recovery of Loss—No Recovery if*
*Purchaser tendered Himself ready to Receive.*

Where goods are sold at an agreed price, to be delivered at a future time, and the purchaser refuses to receive the same in accordance with the contract of sale, the seller may re-sell the same at the market price, if the commodity has a market price, and recover from the purchaser the loss on such re-sale. But if the purchaser tenders himself ready to receive the goods in accordance with the conditions of sale, the seller cannot recover for any loss upon a resale thereof.

(*December* 13, 1906.)

Lore, C. J., and Spruance and Boyce, J. J., sitting.

*Levin Irving Handy* for defendant below, appellant.

*Leonard E. Wales* for plaintiff below, respondent.

Superior Court, New Castle County, November Term, 1906.

Appeal (No. 160, May Term, 1906).

Spruance, J., charging the jury:

Gentlemen of the jury:—This is an appeal from the judgment of a Justice of the Peace.

It appears from the evidence on both sides, that in March, 1905, the plaintiff, James R. Hoffecker, sold to the defendant, David R. Reese, certain wheat, from three farms owned or controlled by the plaintiff, which was harvested in 1904, at $1.12 per bushel and that all of the wheat so sold from two of said farms, was received and paid for by the defendant.

The present controversy is as to the wheat so sold to the defendant, by the plaintiff, from his remaining farm known as the Home or Baker farm.

The plaintiff admits that the defendant received and paid for a part of the wheat so sold to him from said last-mentioned

farm, but claims that the defendant refused to accept and pay for the balance thereof, amounting to 170 bushels and 50 pounds, and that upon such refusal he resold the same at eighty cents per bushel, the then market price, on or about the nineteentn of March, 1906, and he brings this action to recover the differe ence between the price received upon such resale and the price the defendant had agreed to pay him, amounting to $54.66, with interest thereon from said March 19, 1906.

The defendant claims that he purchased from the plaintiff only six hundred bushels of wheat from said home farm, and that he received and paid for a part thereof, and that before the commencment of this action he offered to receive the balance of said six hundred bushels in accordance with the conditions of said sale, but that the plaintiff refused to deliver said balance, or any part thereof, and therefore that the plaintiff is not entitled to recover anything in this action.

In determining this controversy you will be obliged to ascertain from the evidence how much wheat from said Home Farm was sold by the plaintiff to the defendant; and how much thereof was received by the defendant; and how much thereof was not received by the defendant; and whether the defendant offered to receive the balance thereof.

Where goods are sold at an agreed price, to be delivered at a future time, and the purchaser refuses to receive the same in accordance with the contract of sale, the seller may resell the same at the market price, if the commodity has a market price, and recover from the purchaser the loss on such resale. But if the purchaser tenders himself ready to receive the goods in accordance with the conditions of sale, the seller cannot recover for any loss upon a resale thereof.

Your verdict should be for that party in whose favor is the preponderance of the evidence.

Where the evidence is conflicting, it is the duty of the jury to reconcile it if they can, but if they cannot do so, they should accept that part of it which they deem worthy of credit, and re-

fect that part of it which they deem unworthy of credit, having regard to all the facts and circumstances which tend to show the credibility or want of credibility of the witnesses.

Verdict for defendant.